Maria Luz Acibo SANTOS, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–72840.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2014.*

Filed May 19, 2014.

John E. Ricci, Law Office of Ricci And
Sprouls, San Francisco, CA, for Petitioner.

Linda Y. Cheng, Trial, Oil, DOJ–U.S.
Department Of Justice, Washington, DC,
Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: GRABER, W. FLETCHER,
and PAEZ, Circuit Judges.

MEMORANDUM **

Maria Luz Acibo Santos ("Santos"), a
native and citizen of the Philippines, peti-
tions for review of a decision of the Board
of Immigration Appeals ("BIA") affirming
the denial of her application for special
rule cancellation of removal under 8 U.S.C.
§ 1229b(b)(2). Santos asserts that she
qualifies for special rule cancellation of
removal because she was subjected to ex-
treme cruelty when her husband aban-
doned her in the United States.

We have jurisdiction to review the non-
discretionary determination of whether an
applicant has shown extreme cruelty under
§ 1229b(b)(2). *Hernandez v. Ashcroft,* 345
F.3d 824, 833–35 (9th Cir.2003). Accord-
ingly, we review the BIA's factual determi-
nation regarding Santos's eligibility for re-
moval for substantial evidence. *Gutierrez
v. Mukasey,* 521 F.3d 1114, 1116 (9th Cir.
2008).

In order to qualify for special rule can-
cellation of removal under § 1229b(b)(2),
an applicant must meet five enumerated
requirements, including that "she had been
'battered or subjected to extreme cruelty'
by a spouse who is or was a United States
citizen or lawful permanent resident." *Lo-
pez–Umanzor v. Gonzales,* 405 F.3d 1049,
1053 (9th Cir.2005) (some internal quota-
tion marks omitted). The concept of ex-
treme cruelty is reserved "for something
other than physical assault, presumably
actions in some way involving mental or
psychological cruelty." *Hernandez,* 345
F.3d at 838. To show extreme cruelty,
however, an applicant must establish that
she has experienced more than mere un-
kindness or insults. Rather, non-physical
actions will result in extreme cruelty when
"tactics of control are intertwined with the
threat of harm in order to maintain the
perpetrator's dominance through fear."
*Id.* at 840 (internal quotation marks omit-
ted).

Here, Santos alleges only that her hus-
band abandoned her in the United States
when he returned to the Philippines to
care for his ill father and did not return
for Santos's I–130 interview. Without
more, Santos has not established that such

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

actions rise to the level of extreme cruelty. We therefore deny the petition for review.

**PETITION DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.